IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| MARK WILDS, 08338-021,<br><br>          Petitioner,<br><br>v.<br><br>MARY M. MITCHELL, WARDEN<br>FEDERAL PRISON CAMP,<br><br>          Respondent. | Civil Action No. 3:10-52-CMC -JRM<br><br>**REPORT AND RECOMMENDATION** |

      Petitioner, Mark Wilds, filed this case while he was an inmate at FCI-Edgefield serving a sentence of 80 months and 30 months (consecutive) imposed in the Southern District of Georgia. He filed a petition for writ of habeas corpus on January 8, 2010 pursuant to 28 U.S.C. § 2241[1] challenging the execution of his sentence. Petitioner contends that the Federal Bureau of Prisons ("BOP") improperly failed to aggregate his two sentences. He asserts that if his sentences had been properly aggregated he would be entitled to a reduction of 12 months instead of 6 months upon completion of BOP's Residential Drug Abuse Program ("RDAP").

      Respondent filed a motion to dismiss, based on Petitioner's failure to properly exhaust his administrative remedies, or in the alternative for summary judgment. Petitioner filed a response, and Respondent filed a reply.

---

[1] Pretrial matters were referred to the undersigned pursuant to Local Rule 73.02(B)(2)(c) and (e).

1

In reviewing the pleadings, the undersigned concluded that a hearing would be useful in preparing a Report and Recommendation for the Court's consideration. FCI-Edgefield was contacted to arrange Petitioner's appearance at the hearing. However, it was learned that Petitioner had been released to a "half-way house" on or about September 1, 2010. Petitioner failed to advise the Court of his release and his change of address. Two addresses for Petitioner were obtained. The undersigned issued an order on September 23, 2010 advising Petitioner that he was to notify the Court, on or before October 8, 2010, as to whether or not he wished to continue to prosecute this action and the status of his current address. He was further advised that failure to respond to the order would result in a recommendation that this case be dismissed pursuant to Rule 41, Fed.R.Civ.P. The order was sent to all known addresses for Petitioner. No response has been received.

A petition may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the Court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied 493 U.S. 1084 (1990) and Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the Court is required to consider four factors:

(1) the degree of petitioner's responsibility in failing respond;

(2) the amount of prejudice to the petitioner;

(3) the history of the petitioner in proceeding in a dilatory manner; and

(4) the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

In the present case, the Petitioner is proceeding *pro se* so he is entirely responsible for his actions. Petitioner has not responded to the order of September 23, 2010, and it appears he has

abandoned this action. Accordingly, it is recommended that this action be **dismissed** pursuant to

Fed.R. Civ. P. 41(b) with prejudice.

                                        Joseph R. McCrorey
                                        United States Magistrate Judge

October 18, 2010
Columbia, South Carolina

        **The parties' attention is directed to the important information on the attached notice.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).